FILED

APR 2 6 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-20699-C-7 |
| KATHERINE H. CLUM, | DC No. MOH-1 |
| Debtor. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION TO AVOID LIEN

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

### Findings of Fact

On March 21, 2005, debtor filed a motion, notice of motion, and declaration, seeking to avoid a nonpossessory, nonpurchase-money security interest in household goods in

favor of Beneficial California ("creditor").

In reviewing debtors' schedules, the court observes that debtor claimed exempt furniture in the aggregate value of $1,000. Debtor did not provide a description of the specific property being exempted nor a specific value for each item of property.

Additionally, in reviewing debtor's certificate of service, the court notes that debtor served the creditor at the following two address: 1805 Hilltop Drive, Suite 101, Redding, CA 96002 and 961 Weigel Drive, Elmhurst, IL 60126.

## Conclusions of Law

A. DEBTOR'S SCHEDULES

The Ninth Circuit Court of Appeals has established the standard for scheduling assets:

> [I]t is important that trustees and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him.

In re Hyman, 967 F.2d 1316, 1319 n.6 (9th Cir. 1992). The debtors' schedules fail to comply with this norm. Since the debtors seeks the benefits of the Code, it is incumbent upon them to comply in good faith with the requirements of the Code by amending their schedules as is appropriate under the applicable standards. See In re Mohring, 142 B.R. 389, 394-96 (Bankr. E.D.Cal. 1992), aff'd, 153 B.R. 601 (Bankr. 9th Cir. 1993), aff'd, 24 F.3d 247 (9th Cir. 1994).

Here, "debtor's generic listing of 'household goods' is unquestionably ambiguous ... when the state's exemptions are

on a per item basis, detailed itemization is required. Id. at 395; see Official Form 6. One cannot tell from debtor's Schedule C whether there are items worth more than the allowed exemption in the amount of $450.00. Id. at 396.

B. DEBTOR'S CERTIFICATE OF SERVICE

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides in pertinent part:

> Except as provided in subdivision(h), in addition-to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows... Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Debtor's service of motion does not comply with the requirement to serve the motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). Beneficial California, Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004).

The motion will be denied without prejudice. An appropriate order will issue.

Dated: April 26, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Katherine Clum
P.O. Box 991693
Redding, CA 96099-1693

John C. Lyman
948 11th Street #16
Modesto, CA 95354

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073-743

Beneficial California
1805 Hilltop Drive, Suite 101
Redding, CA 96002

Beneficial California Inc
961 Weigel Drive
Elmhurst, IL 60126

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 4·29·05

_____
Deputy Clerk